UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROBERT SHIM, on his own behalf
and others similarly situated,

    Plaintiff,

v.

ECHOSPHERE, L.L.C., a Colorado Limited Liability Company,
DISH NETWORK, L.L.C., a Colorado Limited Liability Company, and
DISH NETWORK SERVICE, L.L.C., a Colorado Limited Liability Company.

    Defendants.
_____/

## COMPLAINT

Plaintiff, ROBERT SHIM, by and through the undersigned counsel, on behalf of himself and others similarly situated, sues Defendants, ECHOSPHERE, L.L.C., DISH NETWORK, L.L.C., and DISH NETWORK SERVICE, L.L.C., and hereby alleges the following cause of action:

1.    Plaintiff, ROBERT SHIM, brings this action on behalf of himself and other current and former similarly situated employees of Defendants, ECHOSPHERE, L.L.C., DISH NETWORK, L.L.C., and DISH NETWORK SERVICE, L.L.C., along with their divisions doing business throughout the United States, however constituted, for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act"). This case seeks certification of a nationwide collective action of any and all entities owned, operated or controlled by the Defendant.

2.    At all times material hereto, Plaintiff was employed by Defendants as a non-exempt service technician for Defendants in Broward County, Florida.

1

3. Defendant, ECHOSPHERE, L.L.C., is a Colorado corporation with a principal place of business in Englewood, Colorado  At all times material, Defendant, ECHOSPHERE, L.L.C., did business through various divisions and subsidiaries across the United States, including DISH NETWORK, L.L.C.

4. Defendant, DISH NETWORK, L.L.C., is a Colorado limited liability company, with a principal place of business in Englewood, Colorado. At all times material, Defendant, DISH NETWORK, L.L.C., was authorized to do business in the state of Florida.

5. Defendant, DISH NETWORK SERVICE, L.L.C., is a Colorado limited liability company, with a principal place of business in Englewood, Colorado. At all times material, Defendant, DISH NETWORK, L.L.C., was authorized to do business in the state of Florida.

6. Defendants, ECHOSPHERE, L.L.C., DISH NETWORK, L.L.C., DISH NETWORK SERVICE, L.L.C., and each of their divisions, however constituted, are joint employers of Plaintiff and the other similarly situated employees because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the other similarly situated employees.

7. Defendants, ECHOSPHERE, L.L.C., DISH NETWORK, L.L.C., and DISH NETWORK SERVICE, L.L.C., and each of their divisions, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt cable technicians at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

8. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants, DISH NETWORK, L.L.C., ECHOSPHERE, L.L.C., and DISH NETWORK SERVICE, L.L.C., and their related divisions,

singularly and collectively, were enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act. The annual gross sales volume of Defendants, collectively and singularly, was in excess of $500,000.00.

9. During his employment with Defendants, Plaintiff worked as a non-exempt service technician and was compensated on a hourly basis for the work he performed. Plaintiff regularly worked over forty (40) hours per week during his employment. However, Defendants did not compensate plaintiff for all the overtime hours he worked. Instead, Defendants automatically deducted a lunch break each day from Plaintiff and its other service technicians, regardless of whether they took a bona fide meal break, and thus failed to compensate them at time and one-half of their regular rate of pay for their overtime hours worked.

10. The additional individuals who will join this action are Defendants' non-exempt service technicians, however titled, who also were automatically deducted lunch breaks, regardless of whether they took a bona fide meal break each day and as such, were not fully compensated for all overtime worked, on or after January 2007.

11. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other employees in the asserted class the compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a workweek.

12. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such employees should be in the possession and custody of Defendants.

13.     Plaintiff has retained the Shavitz Law Group, P.A. to represent him individually and on behalf of the asserted class, and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

14.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 13 above.

15.     Plaintiff is entitled to be paid half of his regular rate of pay for all hours worked in excess of forty (40) hours per work week. All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for all overtime hours they worked and were not properly paid.

16.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages plus incurring costs and reasonable attorney's fees.

17.     As a result of Defendants' willful violation of the Act, Plaintiff and those similarly situated to Plaintiff are entitled to liquidated damages.

18.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ROBERT SHIM, and those persons similarly situated to Plaintiff who have or will opt into this collective action, demand judgment against Defendants, DISH NETWORK, L.L.C., DISH NETWORK SERVICE, L.L.C., and ECHOSPHERE, L.L.C., jointly and severally, for the payment of compensation for all overtime hours due to them, liquidated damages, reasonable attorney's fees and costs of suit, prejudgment interest, and for all other appropriate relief.

Dated: January 8, 2010  
      Boca Raton, Florida

Respectfully submitted,

_____  
Gregg I. Shavitz (Fla Bar No. 11398)  
E-mail: gshavitz@shavitzlaw.com  
Michael L. Scheve (Fla Bar No.: 0033640)  
E-mail: mscheve@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: 561-447-8888  
Facsimile:  561-447-8831